UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO L.T.,[1]<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | No. 1:26-cv-08170-TLN-CSK<br><br>A# 083-930-971<br><br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Marco Antonio L.T.'s ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 4). For the reasons set forth below, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner's Motion for TRO is DENIED as moot. (ECF No. 4.)

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

In July 2011, Petitioner was admitted to the United States on an H2B visa valid through August 10, 2011. (ECF No. 8-1 at 4.) Petitioner remained in the United States beyond the expiration date of his visa. (*Id.*) Petitioner states he has a daughter with cancer who depends on him. (ECF No. 1 at 5.) Petitioner has no criminal history. (ECF No. 8-1 at 4.)

On September 4, 2026, immigration authorities detained Petitioner as part of a surveillance operation. (*Id.* at 2.) Petitioner has now been detained for nearly two months. (*Id.*) In that time, Petitioner has never been provided with a bond hearing despite requesting one. (ECF No. 8-4.) Petitioner now challenges the lawfulness of his civil detention without a bond hearing. (ECF No. 1.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16–17.) Respondent argues that Petitioner is detained under 8 U.S.C. § 1226(a). (ECF No. 8 at 1.) Respondent notes Petitioner is entitled to a bond hearing but has not requested one. (*Id.*) But the Notice of Custody Determination Respondent provided reflects Petitioner's written

request for such a hearing almost two months ago.[2] (ECF No. 8-4.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See*, *e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Petitioner has a clear liberty interest. He has resided in the United States for fifteen years and he has built a life here with a family. Even if he is removable, or his liberty is revocable, his

[2] The Court reminds Respondents' counsel that Rule 11 requires a reasonable inquiry into the factual basis for their representations and evidentiary support for their factual contentions. *See* Fed. R. Civ. P. 11(b)(3). At a minimum, counsel must read the documents they submit and accurately represent their contents. The Court expects counsel to fulfill these obligations in all future filings.

liberty is still protected by due process. *See Hernandez*, 872 F.3d at 993; *Zadvydas*, 533 U.S. at 693. Respondent does not dispute Petitioner's liberty interest. (*See* ECF No. 8.) Thus, Petitioner has a liberty interest protected by due process. The Court next turns to the procedural safeguards that were owed to Petitioner.

B. Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondent's actions in detaining him. The fifteen years that Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d at 1094 ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty."). Despite his interest in maintaining his liberty, Petitioner has now been detained for nearly two months without any opportunity to be heard as to the justification of his detention. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been affected by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any process, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or

alternative conditions." *Hernandez*, 872 F.3d at 994. Respondents do not argue Petitioner's convictions are grounds for mandatory detention, nor claim Petitioner now poses a danger to the community. (*See generally* ECF No. 8.) Indeed, Respondent concedes that Petitioner is entitled to a bond hearing. (*Id.* at 1.) Without any showing by Respondent of a legitimate interest in detaining Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025).

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Notice and custody determination hearings are routine processes for Respondent. Indeed, they are the very processes contemplated under 8 U.S.C. § 1226(a), which Respondent agrees governs Petitioner's detention. Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's liberty interest and risk of erroneous deprivation. Nor does Respondent claim they would be unduly burdened.

Respondent's argument that Petitioner did not request a bond hearing does not alter the Court's conclusion. Under 8 U.S.C. § 1226(a) and its implementing regulations, a detainee may invoke review of ICE's initial custody determination by requesting a bond hearing before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1003.19(b). Petitioner did so on September 4, 2026. (ECF No. 8-4.) Respondent nevertheless identifies no scheduled hearing date and offers no explanation for the agency's failure to act. The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))). Respondent is in control of Petitioner's custody, and it is the government's duty to provide sufficient process when depriving an individual of their liberty. *See*

*Xianming H. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-02543-TLN-CKD, 2026 WL 1283415, at *5 (E.D. Cal. May 11, 2026) (finding a due process violation where petitioner who was admitted to the United States on a visa was detained for four months without a bond hearing); *see also Rene Leonel G.O. v. Warden of the California City Det. Facility*, No. 2:26-CV-00733-TLN-SCR, 2026 WL 1219698, at *4 (E.D. Cal. May 5, 2026) (same). Petitioner cannot schedule or adjudicate his own request. The mere submission of a request therefore does not provide the process to which 8 U.S.C. § 1226(a) entitles him.

Petitioner has now been detained for nearly two months, and he has never been afforded a hearing to determine whether his custody is justified. Thus, the Court finds a clear violation of the Fifth Amendment and Petitioner's procedural due process rights.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Marco Antonio L.T. (A # 083-930-971) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED from re-arresting or re-detaining Petitioner, while

[3] "Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody."); *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023) ("the history of habeas corpus demonstrates why release from confinement is the only available remedy for claims at the writ's core[.]"). As explained above, Petitioner is subject to 8 U.S.C. § 1226(a) but was not provided a bond hearing before he was detained. Nor was he issued a warrant prior to his detention. In light of these procedural deficiencies and blatant disregard for Petitioner's constitutional rights, the proper remedy here is not to allow Respondent a second chance to come into conformity with the law — it is to release Petitioner from unlawful custody. *See Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of noncitizen challenging his detention without a bond hearing and collecting cases); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (ordering release where noncitizen was arrested without a warrant in violation of § 1226(a)).

subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government shows by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED.

4. Petitioner's Motion for Temporary Restraining Order (ECF No. 4) and Motion to Appoint Counsel (ECF No. 3) are DENIED as moot.

5. **The Clerk of Court is directed to serve Golden State Annex with a copy of this Order.**

6. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

**DATED: October 22, 2026**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE